Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOY RICE, fka JOY CHAPMAN, individually,

Plaintiff,

v.

PROVIDENCE REGIONAL MEDICAL CENTER EVERETT fka PROVIDENCE EVERETT MEDICAL CENTER, an Inactive Washington Non-Profit Corporation,

Defendant.

No. C 09-0482 RSM

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF JURISDICTION PURSUANT TO FRCP 12(B)(1) AND (6)

**Hearing Date: May 22, 2009**

## I. INTRODUCTION AND RELIEF REQUESTED

Defendant Providence Regional Medical Center Everett moves for dismissal of Plaintiff Joy Rice's Complaint, because Rice's state law claims all relate to union/management relations and either constitute unfair labor practice charges within the exclusive jurisdiction of the National Labor Relations Board and/or are preempted by the Labor Management Relations Act because they are claims that require interpretation of a collective bargaining agreement. In the latter case, Rice needs to exhaust the grievance procedure under her Union contract, and then, only in limited circumstances is she allowed to bring civil suit. She has not met that requirement and does not allege so in her Complaint. Rice's ADA claim is also subject to the grievance and arbitration procedure in the Union contract, which she failed to exhaust. As

DEFENDANTS' MOTION TO DISMISS - 1
(No. C 09-0482 RSM)

DWT 12708845v3 0016924-000122

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

such, all of Rice's claims should be dismissed pursuant to FRCP 12(b)(1) and (6) because this Court either lacks jurisdiction due to NLRB exclusivity or because Rice otherwise does not state a claim for which this Court can grant relief.

## II. FACTS

### A. The Parties.

Providence Regional Medical Center Everett ("Providence"), formerly known as Providence Everett Medical Center ("PEMC"), is a Washington non-profit corporation conducting business in Snohomish County. Complaint ¶ 10. Rice was employed by defendant from February 12, 1999, until her discharge on May 24, 2007. *Id.* At all times, Rice's employment was governed by the collective bargaining agreement ("CBA") entered into between PEMC and Office and Professional Employees International Union Local No. 8, AFL-CIO. Rice's employment was first governed by the CBA for the period of July 1, 2003 through November 1, 2006. *See* Declaration of Todd Fast ("Fast Decl."), Exhibit A, filed herewith. For the period of December 21, 2006 through October 31, 2009 her employment was governed by the CBA attached as Exhibit 2 to Declaration of Todd Fast.

### B. Rice's Claims.

The Complaint contains six causes of action 1) breach of the CBA's nondiscrimination clause, 2) wrongful/retaliatory discharge in violation of public policy, 3) negligent retention, 4) negligent supervision, 5) negligent infliction of emotional distress and 6) violation of the ADA.

All of Rice's claims are based upon the same factual allegations contained in paragraphs 13-22 of her Complaint. Rice's claims are based upon disciplinary action taken by Rice's former supervisor John Barnings. Complaint ¶¶ 13-22. For example, Rice alleges that John Barnings' abuse consisted of "false accusations of wrong-doing, such as, acts of insubordination, insufficient call notification, leaving position vacant during work shift, disrespect of Supervisor, and was singled out for inappropriate use of internet phone usage, and

DEFENDANTS' MOTION TO DISMISS - 2
(No. C 09-0482 RSM)

DWT 12708845v3 0016924-000122

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

inappropriate clock-in." Complaint ¶ 16. She alleges that she "was frequently written up by John Barnings for minor incidents that were taken out of context." Complaint ¶ 17. Further Rice alleges that she "was called into John Barnings' office on an almost daily basis, where Plaintiff was scolded in front of co-workers, shouted at, called names, and threatened with firing for trivial or non-existent errors or issues." Complaint ¶ 18. Rice further alleges that she was retaliated against for following her Union grievance procedures. Complaint ¶ 19. And she alleges a violation of her *Weingarten* rights. Complaint ¶ 21.

### C.   CBA Terms at Issue.

The relevant provisions of the two CBAs which governed Rice's employment are nearly identical. However, all references here are to the CBA which was in place at the time PEMC terminated Rice. Declaration of Todd Fast, Exhibit 2. The CBA provides that the "purpose of the Agreement is to set forth the understandings reached between the parties with respect to wages, hours of work and conditions of employment and regulations affecting the members of the bargaining unit." Preamble. As stated in the preamble the various sections of the CBA govern the subjects that form the basis of the Complaint.

Section 6.1 provides that "No full-time or part-time employee shall be disciplined or discharged except for just cause." Article 6.

Section 6.2, entitled "Weingarten Rights," provides that "An employee may request the attendance of a Union Representative during any investigatory meeting which may lead to disciplinary action." *Id.*

Article 8 provides for a five-step grievance and arbitration procedure. A grievance is defined by the CBA "as any alleged violation of the terms and conditions of this Agreement." Article 8. Step five of the grievance procedure requires the parties to arbitrate their dispute. It provides that the **"Arbitrator's decision shall be final and binding, subject to the limits of authority stated herein."** *Id.* (Emphasis added).

Section 17.1 provides:

DEFENDANTS' MOTION TO DISMISS - 3
(No. C 09-0482 RSM)

DWT 12708845v3 0016924-000122

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

> The Employer and the Union agree not to discriminate or condone harassment in any manner, in conformance with applicable federal and state laws, against any employee by reason of race, color, religion, creed, sex, national origin, age marital status, sexual orientation, **mental or physical handicap**, subject to occupational requirements and ability to perform within those requirements **or because of any Union-related activity**. The matters set forth herein shall be interpreted consistent with the requirements of the Employer under state and federal law.

Article 17 (emphasis added).

Section 18.1 provides that "The employer will maintain a safe and healthful workplace in accordance with state, local and federal safety regulations and laws." Section 18.2 provides that "The employer shall comply with employment accommodations and all other employee related provisions required by the Americans with Disabilities Act (ADA)." Article 18.

**D.    Rice's Grievances.**

As stated in the Complaint, Rice's Union has filed grievances under the CBA that mirror the allegations in her Complaint. Complaint ¶ 19.

On March 20, 2007, the Union filed Grievance No. PEMC-07-43 on behalf of Rice alleging violations of the CBA, including but not limited to Section 6.1, in that discipline was imposed without just cause; Section 6.2, in that the correction action notice of May 7, 2007, includes a disciplinary response to assertion of *Weingarten* rights; Section 17.1, in that the employer has retaliated against Ms. Chapman for her Union activity; and Section 18.1, "failure to provide a safe and healthful work environment." Fast Decl., Exhibit 3.

On May 2, 2007, the Union moved Grievance No. PEMC-07-43 to Step 2 of the grievance procedure. Fast Decl., Exhibit 4.

On May 11, 2007, the Union filed Grievance No. PEMC-07-66 on behalf of Rice alleging violations of the CBA including Section 6.1, in that discipline was imposed without just cause; Section 17.1, "discrimination by reason of physical or mental handicap" and Section 18.1, "failure to provide a safe and healthful work environment." Fast Decl., Exhibit 5.

Following Rice's termination from employment the Union filed Grievance No. PEMC –

DEFENDANTS' MOTION TO DISMISS - 4
(No. C 09-0482 RSM)

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

DWT 12708845v3 0016924-000122

07-75 on June 7, 2007, alleging various violations of the CBA including Section 6.1, in that discipline was imposed without just cause, Section 17.1 "discrimination by reason of physical or mental handicap" and Section 18.1, "failure to provide a safe and healthful work environment." Fast Decl., Exhibit 6.

On March 21, 2008, the Union moved Grievance No. PEMC – 07-75 to Step 2 of the Grievance Procedure. On May 19, 2008, the Union moved Grievance No. PEMC – 07-75 to Step 3 of the Grievance Procedure. Fast Decl., Exhibit 7. Correctly, Rice does not allege in the Complaint that she ever took one of her grievances though to arbitration, the fifth and final required step under the CBA.

### III. ARGUMENT

Rice is a former union employee of Providence whose entire employment relationship was governed by the CBA that her Union negotiated. All of her claims must be dismissed under Federal Rules of Civil Procedure 12(b)(1) and (6) because they either allege unfair labor practice charges that are exclusive to the NLRB and/or are covered by the CBA and are subject to the grievance and arbitration procedure that Rice failed to exhaust and, therefore, fail to state a claim upon which relief can be granted by this Court.

Rice's claims for wrongful discharge in violation of public policy for having filed union grievances and her claim that her *Weingarten* rights were violated, both allege unfair labor practices within the meaning of § 7 and § 8 of the National Labor Relations Act. It is a fundamental rule of labor law, that **the National Labor Relations Board has exclusive jurisdiction to hear all matters which even could amount to an unfair labor practice**. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 242-43, 79 S. Ct. 773 (1959). Rice's claim that she was terminated for filing grievances and her claim that her *Weingarten* rights were violated would, if proved, be unfair labor practices. As such, these matters are within the exclusive jurisdiction of the NLRB and this Court lacks jurisdiction to hear these claims. Dismissal of these claims under Rule 12(b)(1) is appropriate.

DEFENDANTS' MOTION TO DISMISS - 5
(No. C 09-0482 RSM)

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

DWT 12708845v3 0016924-000122

Additionally, all of Rice's claims are covered by the CBA, which governs all of the conditions of her employment including but not limited to discharge, discipline, working conditions including safety, discrimination, accommodation of disability and retaliation. All of her claims are, in actuality, claims for breach of the CBA and are therefore subject to the grievance and arbitration procedure contained therein. Indeed, as stated in Rice's Complaint, she filed multiple grievances which mirror all of the allegations in her Complaint. The law is clear that Rice's state law claims are preempted by Section 301 of the Labor Management Relations Act and must be analyzed under that framework, which requires that Rice first exhaust her contractual remedies under the CBA. Then, only in very limited circumstances, none of which apply here, may Rice pursue a claim in court. Additionally, the CBA provides that Rice's ADA claim is also subject to the grievance and arbitration procedure provided in the contract. Because Rice has failed to allege that she exhausted her contractual remedies under the CBA, all of her claims must be dismissed pursuant to Rule 12(b)(6), because she fails to state a claim for which this Court may grant relief.

### A. Dismissal of Rice's Claims for Wrongful Discharge and *Weingarten* Violations Is Appropriate Under Civil Rule 12(b)(1)

When claims are preempted by the National Labor Relations Act ("NLRA"), both state and federal courts lack subject matter jurisdiction. *See, San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S. Ct. 773 (1959). Dismissal under Rule 12(b)(1) is the proper disposition of claims over which a court lacks jurisdiction. *Thornbill v. GT&E*, 594 F.2d 730, 733 (9th Cir. 1979).

On a motion to dismiss under Federal Rule of Civil Procedure 12(b), the court may consider the allegations in the complaint and may take judicial notice of matters of public record outside the pleadings. *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). The court may also consider documents that the plaintiff refers to in her complaint but has not attached. *Lapidus v. Hecht*, 232 F.3d 679 (9th Cir. 2000) (court may consider documents whose contents are alleged in the Complaint and whose authenticity no party

DEFENDANTS' MOTION TO DISMISS - 6
(No. C 09-0482 RSM)

DWT 12708845v3 0016924-000122

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

questions but that are not physically attached to the Complaint); *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) (same). Rice refers to the CBA in paragraph 22 of her Complaint and she references the grievances she filed in paragraph 19 of her Complaint. As such, the Court may consider these documents. For purposes of this Motion to Dismiss, Providence relies only on the facts as alleged in the Complaint, the CBA, and Rice's grievances.[1]

Here, Rice's claim of wrongful discharge in retaliation for union activity and her claim of violation of her *Weingarten* rights seek relief for alleged conduct that falls within the exclusive jurisdiction of the NLRB. Because Rice's claims are preempted by the *Garmon* doctrine, this court lacks subject matter jurisdiction and the claims should be dismissed pursuant to Rule 12(b)(1).

### 1. The "Garmon" doctrine preempts state claims based on activities arguably prohibited by the NLRA, committing them to the NLRB's exclusive jurisdiction.

To ensure uniform application of national labor policy, Congress entrusted administration of the NLRA, 29 U.S.C. §151 *et seq.* to a centralized administrative agency, the National Labor Relations Board. *See, San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 242-43, 79 S. Ct. 773 (1959). To avoid any infringement of the NLRB's jurisdiction, the U.S. Supreme Court has held that state law claims are preempted whenever the activity complained of is "arguably" subject to the NLRA.

> At times it has not been clear whether the particular activity regulated by the States was governed by § 7 or § 8 [of the NLRA] or was, perhaps, outside both these sections. But courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board. ... ***When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board*** if the danger of state interference with national policy is to be averted.

---

[1] The Court may consider the same documents in ruling on Providence's 12(b)(6) motion and the same documents are therefore relied upon in support thereof.

DEFENDANTS' MOTION TO DISMISS - 7
(No. C 09-0482 RSM)

DWT 12708845v3 0016924-000122

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

*Garmon*, at 244-45 (emphasis added); *Bassette v. Stone Container Corp.*, 25 F.3d 757, 759 (9th Cir. 1994) (allowing states to control activities that are potentially subject to NLRB regulation poses too great a danger of conflict with national labor policy, and such state regulation is preempted). The *Garmon* doctrine not only "mandates the substantive preemption by the federal labor law in the areas to which it applies, but also protects the exclusive jurisdiction of the NLRB over matters arguably within the reach of the Act." *Local 926, International Union of Operating Engineers, AFL-CIO, v. Jones*, 460 U.S. 669, 680, 103 S.Ct. 1453 (1983).

### 2. Rice's claims of wrongful discharge and *Weingarten* violations allege unfair labor practices under the NLRA and are therefore preempted.

Rice's claims of wrongful discharge and *Weingarten* violations are preempted under *Garmon* because, if proved, they would constitute unfair labor practices under the NLRA. Rice alleges that she was wrongfully terminated because she engaged in union activity by filing grievances. Complaint ¶¶ 28-34. She further alleges a violation of her *Weingarten* rights. Complaint ¶ 21. These claims strike at the heart of the NLRB's jurisdiction. Since the enactment of the NLRA, 29 U.S.C. § 151 et seq., it has been a fundamental rule of labor law that allegations of unfair labor practices fall within the exclusive jurisdiction of the NLRB.[2]

**Courts have held that filing a grievance is protected union activity and that termination on that basis is an unfair labor practice within the meaning of the NLRA.** See *NLRB v. Eaton Corp.*, 623 F.2d 479 (6th Cir. 1980) (finding that employer violated § 8 of the NLRA by firing employee for exercising right to file grievances under the collective bargaining agreement); *Toledo World Terminals, Inc.*, 289 N.L.R.B. 670, 706-07 (1988)

---

[2] Plaintiff's wrongful discharge in violation of public policy claim also fails because there are other remedies available to Plaintiff. Washington courts consistently hold that where, as here, other remedies are available to address the alleged public policy violation, the plaintiff cannot demonstrate the "jeopardy element" (that discouraging the plaintiff's conduct would jeopardize the public policy) of the prima facie case. In those instances, the public policy claim is dismissed. *Korslund v. Dyncorp Tri-Cities Services, Inc.*, 156 Wn.2d 168, 182-183, 125 P.3d 119, 126-127 (2005); *Hubbard v. Spokane County*, 146 Wn.2d 699, 713, 50 P.3d 602, 609 (2002) (same).

DEFENDANTS' MOTION TO DISMISS - 8
(No. C 09-0482 RSM)

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

DWT 12708845v3 0016924-000122

(finding that a union violations section 8(a)(1) of the NLRA for retaliating against a member in response to the filing of a grievance). Moreover, the Supreme Court has held that denial of an employee's request to have a union representative present at an investigatory interview, which the employee reasonably believed might result in disciplinary action, is an unfair labor practice because it was consistent with the employee's rights under § 7 of the NLRA to engage in concerted activities. *NLRB v. Weingarten, Inc.*, 420 U.S. 251, 252-253, 256, 95 S.Ct. 959 (1975). This has become known as an employee's *Weingarten* rights.

Because Rice's claims of wrongful discharge and *Weingarten* violations constitute unfair labor practices they are preempted under the *Garmon* doctrine. In *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057 (9th Cir. 1989), the plaintiff claimed, among other things, wrongful discharge because of union activities in violation of Washington law. *Id.* at 1061. The court upheld the dismissal of that claim on jurisdictional grounds, and found "any federal or state claim for wrongful discharge based on union activity is preempted by the NLRA §§ 7 and 8 . . . *Garmon* preemption is intended to protect the NLRB's exclusive jurisdiction over unfair labor practice charges." *Id.* (internal citations omitted).

Thus, because Rice's claims of wrongful discharge and violation of her *Weingarten* rights allege conduct that, if proved, would constitute unfair labor practices under the NLRA her claims are exclusive to the NLRB. As such, Rice's wrongful discharge claim based on alleged union activity and her claim of violation of her *Weingarten* rights should be dismissed.

**B.     All of Rice's Claims are Covered by the CBA and Should be Dismissed Under Rule 12(b)(6).**

The Court must dismiss a claim under Rule 12(b)(6) when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Here, Rice's state claims are all covered by provisions in the CBA, necessarily require interpretation of the CBA, and therefore must be resolved in accordance with Section 301 of the LMRA. Because Rice has failed to allege exhaustion of the grievance and arbitration procedure mandated by the CBA, she cannot maintain a Section 301 claim as a matter of law.
DEFENDANTS' MOTION TO DISMISS - 9
(No. C 09-0482 RSM)

DWT 12708845v3 0016924-000122

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

Additionally, Rice's ADA claim is subject to the CBA's grievance and arbitration procedure and must similarly be dismissed for her failure to allege exhaustion of the procedure.

### 1. Rice's State law claims are preempted under Section 301 of the LMRA

Rice's state law claims are based on nothing more than alleged violations of the CBA and are preempted under well-established law. The result of this preemption is that the preempted claims are controlled by Section 301 of the LMRA. This requires that Rice first exhaust her contractual grievance and arbitration procedure before filing a lawsuit upon which relief might be granted.

Claims for breach of a collective bargaining agreement are preempted by Section 301 of Labor Management Relations Act, 29 U.S.C. Section 185(a). *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285 (9th Cir. 1989). "Section 301 preempts claims founded directly on rights created by collective bargaining agreements, and also claims which are substantially dependent on analysis of a collective bargaining agreement." *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987) *cert. denied*, 486 U.S. 1054, 108 S.Ct. 2819 (1988). "The preemptive force of Section 301 is so powerful as to displace entirely any state claim either based on a CBA or whose outcome depends on an analysis of the CBA." *Swinford v. Russ Dunsmire Oldsmobile, Inc.*, 82 Wash. App. 401, 410 (1996).

It is well-settled that claims based on conduct controlled by CBA provisions are preempted by Section 301. If the CBA provisions address the issue, the claim will be dismissed. *Truex v. Garrett Freightlines, Inc.*, 784 F.2d 1347, 1351-52 (9th Cir. 1986) (Claimed outrage and intentional infliction of emotional distress preempted because CBA governs discipline of employees and provides standard for employer conduct).

Rice alleges five state law causes of action, all of which are based upon alleged harassment due to **disciplinary action** taken by Rice's former supervisor John Barnings. Complaint ¶¶ 13-22. Each of Rice's claims require interpretation of the CBA and are preempted on that basis because the CBA allows for discipline only for just cause. Moreover,

DEFENDANTS' MOTION TO DISMISS - 10
(No. C 09-0482 RSM)

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

DWT 12708845v3 0016924-000122

each of Rice's claims are preempted because they require that the standards for management conduct set out in the agreement be interpreted in order for Rice's claims to be evaluated. *See e.g. Truex*, 784 F.2d at 1351-52 (Claim that supervisors' disciplinary actions were intended to harass plaintiffs was preempted because the CBA governs discipline of employees.).

### a. Rice's claim of breach of the CBA is preempted.

Rice's first cause of action is for breach of the CBA. Complaint ¶¶ 23-37. All claims for breach of a collective bargaining agreement are preempted. *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285 (9th Cir. 1989).

### b. Rice's claim of wrongful/retaliatory discharge in violation of public policy is preempted.

Rice's second cause of action is for wrongful/retaliatory discharge in violation of public policy. She alleges that she was discharged in retaliation for utilizing the Union grievance procedure. Complaint ¶¶ 28-34. As explained above, the NLRB has exclusive jurisdiction to hear this claim because, if proven, it would constitute an unfair labor practice. However, this claim is also covered by Section 6.1 of the CBA which provides that "No full-time or part-time employee shall be disciplined or discharged except for just cause." The Union filed a grievance relating to Rice's discharge on June 7, 2007. As such, it will be difficult, if not impossible, for Rice to argue that her claim of wrongful discharge does not require interpretation of the CBA. Rice's wrongful discharge claim is preempted by Section 301.

### c. Rice's claims of negligent retention, negligent supervision and negligent infliction of emotional distress are preempted.

Rice's third, fourth and fifth claims are for negligent retention, negligent supervision and negligent infliction of emotional distress, respectively. Complaint ¶¶ 35-49. These claims are preempted because they are complaints regarding the working conditions and disciplinary actions which are governed by the CBA. In *Truex*, the Ninth Circuit decided a case with claims similar to the allegations in Rice's Complaint. The Court states:

DEFENDANTS' MOTION TO DISMISS - 11
(No. C 09-0482 RSM)

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

DWT 12708845v3 0016924-000122

> Appellants' claims that Garrett issued them unjustified warning letters, conducted excessive supervision of them, and altered their work assignments are in essence claims that administration of discipline was improper under the standards set by the collective bargaining agreements. *See Choate v. Louisville & Nashville R.R.*, 715 F.2d 369, 371-72 (7th Cir. 1983) (employee's characterization in emotional distress claim of employer's threats of dismissal, punishment, and attempts to discipline employee as "improper" implies existence of contractual standards in collective bargaining agreement).

*Truex,* 784 F.2d 135.

The Court explains that the evaluation of these claims depends substantially upon an analysis of the terms of the collective bargaining agreements, and were, therefore, preempted by federal labor law. *Id.* citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985). *See also Beers v. Southern Pacific Transportation Co.*, 703 F.2d 425, 429 (9th Cir. 1983) (preemption was proper where the plaintiff's complaint concerned working conditions and disciplinary procedures which are rights covered by or substantially related to the collective bargaining agreement).

Because Rice's tort claims are complaints regarding working conditions and discipline which substantially depend upon an analysis of the CBA, they are preempted by Section 301.

### d. Notwithstanding Rice's artful pleading, Section 301 preemption applies.

Rice cannot escape preemption by recasting a Section 301 lawsuit as one arising under other statutory schemes or common law. The Ninth Circuit has determined that courts must look beneath the surface of the plaintiff's allegations to determine if the claims require interpretation of the collective bargaining agreement. "To determine whether federal jurisdiction is properly exercised over a state law claim brought by unionized employees, a federal court necessarily examines the collective bargaining agreement to determine whether the state law claims are 'artfully pleaded claims' which actually allege breach of contract or require interpretation of the collective bargaining agreement's terms." *Milne Employees Ass'n v. Sun Carrier's Inc.*, 960 F.2d 1401, 1409-10 (9th Cir. 1992).

DEFENDANTS' MOTION TO DISMISS - 12
(No. C 09-0482 RSM)

DWT 12708845v3 0016924-000122

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

Although Rice alleges state tort claims, the factual basis for each of her claims requires interpretation of the CBA and therefore preempted. *Fitzgerald v. Roadway Express, Inc.*, 262 F.Supp.2d 849, 855 (N.D. Ohio 2003) (to determine if proof of the state law claim required interpretation of CBA terms, "a court is not bound by the "well-pleaded complaint" rule, but instead will look to the essence of each of the plaintiff's claims, to determine whether she is attempting to disguise what is essentially a contract claim . . .").

### 2. Rice's claim of violation of American's with Disabilities Act is subject to the grievance and arbitration procedure in the CBA.

Rice's sixth cause of action is for a violation of the Americans with Disabilities Act. Complaint ¶¶ 50-58. She alleges that John Barnings failed to provide her with a reasonable accommodation. Rice's ADA claim is governed by specific provisions of the CBA. Section 18.2 provides that "The employer shall comply with employment accommodations and all other employee related provisions required by the Americans with Disabilities Act (ADA)." Fast Decl., Exhibit 2, Article 18. Additionally Section 17.1 of the CBA prohibits discrimination on the basis of mental and physical handicap. Fast Decl., Exhibit 2, Article 17.

Indeed Rice cannot dispute that her ADA claims are governed by the CBA. During her employment she filed three different grievances covering all of the behavior outlined in the Complaint. Rice states in her Complaint that "Plaintiff followed her Union grievance procedures appropriately on numerous occasions during the period of abuse directed her by John Barnings." Complaint ¶ 19. Whatever the Complaint means by "appropriately" it does not allege that she completed the five-step grievance procedure.

Rice's Union has the authority to bargain for all matters relating to Rice's employment. The Union agreed that all actions for breach of the CBA must be submitted to binding arbitration through the CBA's grievance procedure. Fast Del., Exhibit 2, Article 8. Because Rice has not plead that she exhausted the contractual grievance requirement, her claim must be dismissed.

DEFENDANTS' MOTION TO DISMISS - 13
(No. C 09-0482 RSM)

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

DWT 12708845v3 0016924-000122

### 3. Rice's claims are barred by failure to exhaust contractual grievance procedure

The grievance procedure contained in the CBA is the exclusive remedy for claims of breach; employees must normally exhaust the procedure before bringing suit under Section 301. *See e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Olguin v. Inspiration consol. Copper Co.* 740 F.2d 1468, 1472 (9th Cir. 1984); *Vogel v. Cummins Engine Co.*, 971 F. Supp. 374, 380 (S.D. Ind. 1997) (requirement that Section 301 plaintiff exhaust remedies under CBA furthers the goals of LMRA and national labor policy to protect the integrity of the collective bargaining process and encourage private resolution of disputes). **To state a claim under Section 301 that would allow relief in federal court, then, a plaintiff must either allege that she has exhausted the contractual grievance procedure or that the Union has breached its duty of fair representation.** *DelCostello v. Internat'l Brotherhood of Teamsters*, 462 U.S. 151, 163-64 (1983); *Olguin*, 740 F.2d at 1472, 1476.

Because Rice's Complaint does not assert that she exhausted her contractual remedy through the grievance and arbitration procedure, her claims must be dismissed. *See Allis-Chalmers*, 471 U.S. at 220-221 (holding "complaint should have been dismissed for failure to make use of the grievance procedure established in the collective bargaining agreement"); *Truex*, 784 F.2d at 1353 (upholding dismissal of action for failure to exhaust contractual remedies; "artful pleading does not permit employee to "sidestep available grievance procedures when a dispute involves an interpretation of the collective bargaining agreement").[3]

## IV. CONCLUSION

Rice's claims that she was wrongfully discharged in violation of public policy and her claim that her *Weingarten* rights were violated would, if true, constitute violations of § 7 and § 8 of the NLRA. As such, these claims are exclusive to the NLRB under the *Garmon* doctrine.

---

[3] The statute of limitations for LMRA claims is six months. Most, if not all, of Plaintiff's alleged instances of improper treatment are time barred under this statute of limitations as well. *DelCostello v. Internat'l Brotherhood of Teamsters*, 462 U.S. 141, 172 (1983) (recognizing 6-month statute of limitations period applicable to 301 actions).

DEFENDANTS' MOTION TO DISMISS - 14
(No. C 09-0482 RSM)

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

DWT 12708845v3 0016924-000122

Additionally, all of Rice's state law claims are preempted by Section 301 of the LMRA, meaning this Court cannot grant relief under these circumstances where Rice has not exhausted her grievance and arbitration process or filed suit against her Union for failing to assist her with it. Federal policy favors the enforceability of labor contracts and the alternative dispute resolution process those contracts typically contain. Rice's claims require interpretation of the CBA and arise, therefore, under Section 301 of the LMRA. Furthermore, the CBA clearly provides that Rice's ADA claim is subject to the grievance and arbitration procedure. Because Rice has failed to employ the agreed-upon dispute resolution process in the CBA, she cannot allege exhaustion of the grievance and arbitration procedure. Her claims are therefore barred and must be dismissed.

DATED this 15th day of April, 2009.

        Davis Wright Tremaine LLP
        Attorneys for Defendant Providence Regional Medical Center Everett

By   /s/Gregory A. Hendershott
      Gregory A. Hendershott, WSBA #27838
      Paula L. Lehmann, WSBA #20678
      Boris Gaviria, WSBA #31251
      Davis Wright Tremaine LLP
      777 108th Avenue NE, Suite 2300
      Bellevue, WA 98004-5149
      Telephone: (425) 646-6100
      Fax: (425) 646-6199
      Email: greghendershott@dwt.com
      Email: paulalehmann@dwt.com
      Email: borisgaviria@dwt.com

DEFENDANTS' MOTION TO DISMISS - 15
(No. C 09-0482 RSM)

DWT 12708845v3 0016924-000122

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

I hereby certify that on April 15th, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Robert J. Penfield, Esq.
>Penfield Legal Services, PLLC
>8115 – 49th Avenue NE
>Marysville, WA 98270

DATED this 15th day of April, 2009.

>Davis Wright Tremaine LLP
>Attorneys for Defendant
>
>
>By /s/ Gregory A. Hendershott
>   Gregory A. Hendershott
>   WSBA #27838
>   777 108th Avenue NE, Suite 2300
>   Bellevue, Washington 98004-5149
>   Telephone: (425) 646-6100
>   Fax: (425) 646-6199
>   E-mail: greghendershott@dwt.com

DEFENDANTS' MOTION TO DISMISS - 16
(No. C 09-0482 RSM)

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Ave.N.E., Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

DWT 12708845v3 0016924-000122